**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-3740 PA (PJWx) | | Date | June 4, 2013 |
|---|---|---|---|---|
| Title | Lorraine McGuire v. JP Morgan Chase Bank, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

        Before the Court is a Notice of Removal filed by defendants JP Morgan Chase Bank, N.A. (erroneously sued as JP Morgan Chase Bank, Inc.) ("Chase Bank"), Jonathan Morales, D.J. Mercadel Jr., and Shaun McDougall ("Individual Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Lorraine McGuire ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

        Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

        In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a national banking association is a citizen of the state in which it is respectively located. 28 U.S.C. § 1348; see also Wachovia Bank v. Schmidt , 546 U.S. 303, 307 (2006).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3740 PA (PJWx) | Date | June 4, 2013 |
|---|---|---|---|
| Title | Lorraine McGuire v. JP Morgan Chase Bank, Inc., et al. | | |

For purposes of diversity, Plaintiff is a citizen of California; defendant JP Morgan Chase Bank is a citizen of Ohio; defendant Jonathan Morales is a citizen of California; defendant D.J. Mercadel is a citizen of California and defendant Shaun McDougall is a citizen of California.  Since the Individual Defendants are citizens of California, removal is prohibited.  Here, complete diversity has not been established.  Even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Defendants maintain that the Individual Defendants' citizenship should be ignored because they have been fraudulently joined.  If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)).  A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

Defendants do not provide any evidence regarding why the Individual Defendants could not be found liable under California State law.  Plaintiff's Complaint arises from an employment dispute with her employer, Chase Bank.  Plaintiff alleges claims against the Individual Defendants for (1) "wrongful termination in violation of public policy"; (2) "age, race, and sex discrimination in violation of the Fair Employment and Housing Act ("FEHA")"; (3) "failure to take reasonable steps to prevent discrimination in the workplace in violation of the FEHA"; and (4) "aiding and abetting discrimination in the work place in violation of the FEHA."

The Court finds that Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on any of her claims against the Individual Defendants.  While Defendants are correct that the first three causes of action can only be asserted against an employer, a harassment/hostile work environment claim can apply to individual persons.  Some of the FEHA provisions, such as those involving harassment, apply to individual persons as well as employers. Cal.

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-3740 PA (PJWx) | | Date | June 4, 2013 |
|---|---|---|---|---|
| Title | Lorraine McGuire v. JP Morgan Chase Bank, Inc., et al. | | | |

Gov. Code § 12940 (h)(1) (prohibiting "any other person" from harassing an employee).  The discrimination provisions, however, apply only to employers.  Reno v. Baird, 18 Cal. 4th 640, 659 (Cal. 1998).  California courts have found that it was the intent of the Legislature to place individual supervisory employees at risk of personal liability for personal conduct constituting harassment, but that it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory.  Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 62-63 (Cal. App. 2d Dist. 1996).

        Here, of the FEHA causes of action asserted, only the hostile work environment harassment claim can be asserted against an individual supervisor.  Plaintiff's fourth cause of action for "aiding and abetting discrimination in the work place in violation of the FEHA" against the Individual Defendants alleges that the Individual Defendants contributed to "creating a hostile work environment."  The California Supreme Court has stated, "acts of discrimination can provide evidentiary support for a harassment claim by establishing discriminatory animus on the part of the manager responsible for the discrimination, thereby permitting the inference that rude comments or behavior by that same manager was similarly motivated by discriminatory animus."  Roby v. McKesson Corp., 47 Cal.4th 686, 709, 101 Cal. Rptr. 3d 773 (2009).

        Defendants further argue that to the extent Plaintiff's Complaint alleges a harassment/hostile work environment claim, this theory also fails.  To state a FEHA harassment claim, an employee must allege facts showing that workplace harassment was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees."  Hughes v. Pair, 46 Cal.4th 1035, 1043, 95 Cal. Rptr. 3d 636, 209 P.3d 963 (2009) (quoting Miller v. Department of Corrections, 36 Cal.4th 446, 462, 30 Cal. Rptr. 3d 797, 115 P.3d 77 (2005)).  Even if Plaintiff has not alleged facts sufficient to state a harassment claim against the Individual Defendants, Defendants have not established that she cannot amend the pleading to state a viable harassment claim.  See Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159-60 (C.D. Cal. 2009); Hale v. Bank of Am., N.A., 2013 U.S. Dist. LEXIS 34997, 18-19 (C.D. Cal. Mar. 13, 2013).

        Defendants have failed to show why it is obvious according to the settled rules of state that Plaintiffs cannot state a claim for harassment under FEHA against the Individual Defendants and have failed to show that there is not a possibility that Plaintiff may prevail on the cause of action against those in-state defendants.  Thus, neither the Complaint nor the evidence submitted in support of the Notice of Removal forecloses the possibility of Plaintiff succeeding on her hostile work environment harassment claim.

        Having removed this action from state court, Defendants voluntarily subjected themselves to the notice pleading standard of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(a)(2).  At most, Defendants have identified deficiencies in Plaintiff's hostile work environment harassment allegations against the Individual Defendants.  While these purported pleading deficiencies may make the allegations subject to demurrer, Defendants have not established that there is no possibility of recovery

---

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3740 PA (PJWx) | | Date | June 4, 2013 |
|---|---|---|---|---|
| Title | Lorraine McGuire v. JP Morgan Chase Bank, Inc., et al. | | | |

against the Individual Defendants.  As currently alleged, the Court cannot conclude that the Individual Defendants are fraudulently joined.  Accordingly, the parties are not diverse and the Court lacks subject matter jurisdiction.

Since Defendants have failed to meet their heavy burden of showing that the Individual Defendants were fraudulently joined, this action may not be removed because complete diversity is lacking and the Individual Defendants are citizens of the State in which the action is brought.  Neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning § 1332's requirements.  Therefore, Defendants have not met their burden to establish this Court's jurisdiction.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. KC065956 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.